**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| MANNIE GARCIA | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Action No.:  12-cv-03592-JFM |
| | * | |
| MONTGOMERY COUNTY, | * | |
| MARYLAND, et al. | * | |
| | * | |
| Defendants | * | |

**DEFENDANT OFFICER MALOUF'S ANSWER TO COUNTS III, VI, VII and VIII OF PLAINTIFF'S COMPLAINT**

Defendant, Officer Christopher Malouf, in his individual capacity, by and through undersigned counsel, has filed a Motion to Dismiss Counts I, II, and V of Plaintiff's Complaint. Count IV is a Monell claim directed only against Montgomery County and does not require a response from Defendant Malouf.  Defendant Malouf therefore submits this Answer to Counts III, VI, VII, and VIII of Plaintiff's Complaint:

**FIRST DEFENSE**

Defendant generally denies liability as to all claims alleged in Plaintiff's Complaint.

**SECOND DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted as to Defendant Officer Malouf.

**THIRD DEFENSE**

Defendant Officer Malouf did not intentionally or otherwise deprive Plaintiff Mannie Garcia of his federal constitutional rights.

**FOURTH DEFENSE**

Defendant did not violate or cause a violation of any of Plaintiff Mannie Garcia's rights under the common law, or the laws of the State of Maryland.

## FIFTH DEFENSE

The actions of Defendant Officer Malouf were performed in the discharge of his official duties and responsibilities as an employee of Montgomery County.  His actions were performed in good faith and with the objectively reasonable belief that his acts were lawful and constitutional.

## SIXTH DEFENSE

The actions of Defendant Officer Malouf were done in accordance with the law and were at all times in good faith.  Defendant Officer Malouf was acting as a government official performing discretionary functions without actual malice.  As such, he is entitled to all applicable immunities, including public official immunity, statutory immunity, and qualified immunity.

## SEVENTH DEFENSE

Plaintiff Mannie Garcia knowingly and voluntarily assumed the risk of injuries and damages in this case.

## EIGHTH DEFENSE

The injuries, losses, and damages, if any, allegedly sustained by Plaintiff Mannie Garcia were caused by his own actions and his sole or contributory negligence.

## NINTH DEFENSE

Defendant denies that he caused any injuries to Plaintiff.  Defendant denies the nature, extent, and causal relationship of the injuries complained of by Plaintiff Garcia.

## TENTH DEFENSE

This action may be barred in whole or in part by the applicable statute of limitations.

## ELEVENTH DEFENSE

Defendant is entitled to all statutory limitations of damages as provided for by law.

## TWELFTH DEFENSE

This action may be barred by the doctrine of waiver and/or estoppel.

## THIRTEENTH DEFENSE

Defendant demands strict proof that Plaintiff has satisfied all applicable statutory notice of claim requirements, including the requirements of the Maryland Local Government Tort Claims Act.

## FOURTEENTH DEFENSE

Defendant Malouf denies that he used excessive force during the subject occurrence.

## FIFTEENTH DEFENSE

Plaintiff was arrested for disorderly conduct because he was disorderly.

## RESPONSES TO SPECIFIC ALLEGATIONS

Defendant Officer Malouf, in his individual capacity, responds to the specific allegations of the numbered paragraphs of Plaintiff's Complaint as follows:

1.	This paragraph contains Plaintiff's interpretation of the legal implications of the First Amendment and Plaintiff's opinions regarding police practices across the country.  The allegations are not specific as to Defendant Malouf or this litigation. To the extent a response is required to this paragraph, the allegations are denied.   Defendant Officer Malouf denies Plaintiff's allegation that police officers increasingly react harshly to the presence of cameras.

2.	Defendant Officer Malouf lacks sufficient information to admit or deny the Plaintiff's version of the holdings in the cases cited in ¶ 2 and therefore denies them.

3

3.      Defendant Officer Malouf lacks sufficient information to admit or deny whether the United States Department of Justice has filed a Statement of Interest in a recent case regarding federal civil rights and therefore denies it.

4.      Defendant Officer Malouf denies that Plaintiff was unlawfully arrested, beaten and maliciously prosecuted.  Defendant lacks sufficient personal knowledge to admit or deny whether Plaintiff is a veteran photo journalist.  Defendant denies that Plaintiff was arrested for taking or attempting to take photographs on a public thoroughfare.  Defendant denies that he violated the Plaintiff's rights and denies that he fabricated the charge of disorderly conduct to conceal his or any other officer's alleged wrongdoing.  Defendant denies that Montgomery County "white washed" the Internal Affairs investigation.  Defendant lacks sufficient information to admit or deny whether Plaintiff sustained any physical, emotional, or economic injuries and therefore denies said claims and demands strict proof thereof.

5.      Defendant admits that Plaintiff has filed a civil rights lawsuit claiming that his federal, state, and constitutional rights were violated.  Defendant Officer Malouf denies this claim.  Defendant denies that Montgomery County has any policy, custom, or practice of obstructing the First Amendment Rights of the press and public and denies the allegations of police misconduct.

6.      Defendant lacks sufficient information to admit or deny the allegations regarding Plaintiff's military service, employment, and alleged employment awards.  Defendant denies Plaintiff's claim that he has never been arrested and denies that Plaintiff's claim that he has never had any disputes with law enforcement officers.

7.      Defendant Malouf admits that Montgomery County is a municipal unit authorized under the laws of Maryland to maintain a police department and that Defendant Chief Thomas Manger is the Chief.

8.      Defendant Malouf admits that Defendant Manger is and has been the Chief of Police for Montgomery County and that he is responsible in whole or in part for creating, implementing, promulgating, and enforcing MCPD policies and practices.  Defendant Malouf denies that there is any policy or practice that prevented Mr. Garcia from engaging in journalistic activity.  Defendant admits that the Complaint sues Chief Manger only in his official capacity.

9.      Defendant Malouf admits he was a Police Officer III for Montgomery County at the time of the occurrence and that his actions in connection with Plaintiff were taken under color of the laws of the State of Maryland and Montgomery County.  Defendant Malouf now serves as a Detective for the Montgomery County Police Department.

10.     Defendant Malouf admits that Defendant Baxter was at all relevant times a police officer for the Montgomery County Police Department and that his actions were taken under color of law of the State of Maryland and Montgomery County.

11.     Defendant Malouf admits that Defendant Graves was at all relevant times a police officer for the Montgomery County Police Department and that his actions were taken under color of law of the State of Maryland and Montgomery County.

12.     Defendant Malouf admits that Defendant Sheelor was at all relevant times a police officer for the Montgomery County Police Department.  The only allegations as to Lt. Sheelor in the Complaint address his Internal Affairs investigation of the subject incident which is an internal police investigation performed in accordance with police procedures.

13.     With the exception of the claims Plaintiff has raised under the Privacy Protection Act, Defendant Malouf does not dispute that this Court has jurisdiction over the claims asserted in Plaintiff's Complaint based on federal question and pendant jurisdiction.

14.     At this time, Defendant Malouf lacks sufficient information to admit or deny whether "all prerequisites to bringing suit" have been met.  Defendant Officer Malouf admits that Plaintiff provided notice of some of his claims to Montgomery County under Ann. Code of Md., Cts. & Jud. Proc. § 5-304.

15.     Defendant Malouf admits that venue in the U.S. District Court for the District of Maryland, Southern Division, is appropriate.

16.     Defendant lacks sufficient information to admit or deny what Plaintiff saw or claims to have learned.  Defendant Malouf denies that he was involved in the incident regarding the alcohol violations.

17.     Defendant Malouf lacks personal knowledge to admit or deny whether Plaintiff became concerned about the officers' actions or whether Plaintiff was actually taking pictures or recording the incident photographically.  Defendant Malouf was not involved in the issuance of the alcohol citations.

18.     Defendant Malouf denies the allegations in this paragraph.  Plaintiff interfered with police activity, was disorderly and disturbed the peace.  Defendant Malouf admits that Officer Baxter shined his spotlight on Plaintiff for safety reasons but denies the balance of the allegations in this paragraph.

19.     Defendant Malouf denies that Plaintiff identified himself as a member of the press and denies that Plaintiff was behaving in a peaceful manner.  Defendant admits Plaintiff had a camera.

20.     Defendant Malouf denies that he placed Plaintiff under arrest for recording police activity.  Defendant Malouf denies placing Plaintiff in a choke hold and dragging him across the street.

21.     Defendant Officer Malouf denies that Plaintiff identified himself as a member of the press.  Defendant Malouf did not see the Plaintiff speak with any other officers.

22.     Defendant denies that Plaintiff was maintaining a safe and respectful distance from police activity, denies that he identified himself as a member of the press, denies that Plaintiff was unlawfully arrested, and denies that Plaintiff was verbally and/or physically abused.

23.     Defendant admits that Plaintiff was handcuffed and that his camera was transported with him to the police station and then to CPU.

24.     These allegations are all denied except for the quoted statement that is attributed to Defendant Officer Malouf.  Defendant Malouf did instruct Plaintiff to "stand up" and may have said to "quit falling down," but these statements were not made in the manner claimed or under the circumstances alleged in this paragraph.

25.     Defendant Malouf denies that Plaintiff was abused and denies all other allegations in this paragraph.

26.     Denied.  Defendant does not know what Plaintiff heard or claims to have heard and lacks sufficient information to respond to that allegation.  Defendant did not hear the quoted statement nor did he speak it.  Defendant Malouf did not kick Plaintiff's footing out from under him.

27.     Denied.

28.     Denied.  Plaintiff was charged with disorderly conduct, was told he was charged with disorderly conduct, and a statement of charges was prepared for disorderly conduct.  No

Miranda warnings were given, nor were they required as the disorderly conduct occurred in Officer Malouf's presence.

29.     Admitted.

30.     Denied.  Defendant Officer Malouf did not remove the battery and video card from Plaintiff's camera, and did not stash the video card in his shirt pocket.

31.     Defendant admits that Plaintiff was taken to the Montgomery County Detention Center Central Processing Unit where he was booked.  Defendant does not know how long Plaintiff was in custody before seen by a Court Commissioner.

32.     Admitted.

33.     Defendant Malouf  is unable to respond to this allegation as it requires a legal interpretation and analysis.  Defendant Malouf denies the allegation that his Police Report showed a lack of probable cause for the disorderly conduct arrest and denies the allegation that there was no legitimate basis to prosecute plaintiff for disorderly conduct.

34.     Denied.  Plaintiff was arrested for disorderly conduct because he was behaving in a disorderly manner.  Defendant denies Plaintiff's interpretation of eye witness accounts, denies Plaintiff's allegation that the police conduct was illegal, and denies that police reports were fabricated.

35.     Defendant lacks personal knowledge to admit or deny whether Plaintiff was released by the Court Commissioner on his personal recognizance.  Defendant denies that Plaintiff's video card was ever taken out of the camera.  Defendant admits that Plaintiff's camera was returned to him. Defendant has no personal knowledge of whether Plaintiff's video card is "missing" as claimed.

36.     This paragraph is full of Plaintiff's opinions.  To the extent a response is required, the allegations are denied.  The *State's* Attorney found probable cause to prosecute the disorderly conduct charge because the evidence showed that Defendant Malouf had probable cause to arrest Plaintiff for disorderly conduct.

37.     Judge Simmons denied Plaintiff's Motion for Acquittal at the end of the State's case and required Plaintiff to put on evidence.  At the conclusion of all of the evidence, Judge Simmons found that the State had not met the burden of proving the charge beyond a reasonable doubt.

38.     This paragraph is directed to Montgomery County and does not require a response.  Without waiving this answer, to the extent this paragraph may apply to Defendant Malouf, the allegations against him are denied. Defendant Malouf denies illegal conduct and denies that Montgomery County had a policy or custom of indifference to misconduct by MCPD officers.

39.     Defendant admits the quoted excerpts were extracted from Function Code No. 1141 dated December 29, 2000, but denies the balance of the allegations in this paragraph.

40.     Defendant denies the allegation that Plaintiff was brutally mistreated.  Defendant Malouf lacks sufficient information to admit or deny when Plaintiff complained to Internal Affairs about his arrest.  Defendant lacks sufficient information to admit or deny whether Plaintiff met with Division officers.  Defendant admits the officers were investigated and that the Department found no violations.

41.     The allegations in this paragraph are directed against Lt. Sheelor and/or Montgomery County.  To the extent a response is required by Defendant Malouf, he admits that Internal Affairs Division conducted an investigation and denies the remaining allegations.

42.     The allegations in this paragraph are directed against Lt. Sheelor and/or Montgomery County.  To the extent a response is required by Defendant Malouf, he denies Plaintiff's allegation that Detective Sheelor conferred with and assisted the officers he was required to investigate.

43.     The allegations in this paragraph are directed against Lt. Sheelor and/or Montgomery County.  To the extent a response is required by Defendant Malouf, the allegations are denied.

44.     The allegations in this paragraph are directed against Lt. Sheelor and/or Montgomery County.  To the extent a response is required by Defendant Malouf, the allegations are denied.

45.     The allegations in this paragraph are directed against Montgomery County.  To the extent a response is required by Defendant Malouf, any allegations of wrongdoing on his part are denied.

46.     Defendant Malouf denies that he removed the video card from Plaintiff's camera and denies that any other officer removed the video card from Plaintiff's camera.  Defendant Malouf denies that the video card would corroborate Plaintiff's description of the events of June 16, 2011.

47.     The allegations in this paragraph are directed against Montgomery County.  To the extent a response is required by Defendant Malouf, any allegations of wrongdoing on his part are denied.

48.     The allegations in this paragraph are directed against Montgomery County.  To the extent a response is required by Defendant Malouf, any allegations of wrongdoing on his part are denied.

49.     The allegations in this paragraph are directed against Montgomery County.  To the extent a response is required by Defendant Malouf, the allegations are denied.

50.     The allegations in this paragraph are directed against Montgomery County.  To the extent a response is required by Defendant Malouf, the allegations are denied.

51.     Defendant Officer Malouf denies that Plaintiff suffered any constitutional violations at the hands of the Montgomery County Police Department  The balance of the allegations appear directed to Defendant Montgomery County.  To the extent a response is required by Officer Malouf, the allegations are denied.

52.     Denied.

53.     Defendant denies the allegations of illegal arrest and prosecution.  Defendant lacks sufficient information to admit or deny the remaining allegations and therefore denies them and demands strict proof.

54.     All allegations in this paragraph are denied.

55.     All allegations in this paragraph are denied.

56.     Defendant lacks sufficient information to admit or deny this request and therefore denies it.

57.     Defendant denies the claim of infliction of physical injuries. Defendant lacks sufficient information to admit or deny the balance of this paragraph and therefore denies it.

58.     Defendant denies that Plaintiff was physically abused and denies that Plaintiff was humiliated in the presence of his wife or otherwise.  Defendant lacks sufficient information to admit or deny whether Plaintiff suffered any damage to his professional reputation and therefore denies it.

59.     Defendant denies the charge was baseless.  Defendant lacks sufficient information to admit or deny the balance of this paragraph and therefore denies it.

60.     Defendant Officer Malouf has filed a Motion to Dismiss this Count and no answer is required.

61.     Defendant Officer Malouf has filed a Motion to Dismiss this Count and no answer is required.

62.     Defendant Officer Malouf has filed a Motion to Dismiss this Count and no answer is required.

63.     Defendant Officer Malouf has filed a Motion to Dismiss this Count and no answer is required.

64.     Defendant Officer Malouf has filed a Motion to Dismiss this Count and no answer is required.  Denied.

65.     Defendant Officer Malouf has filed a Motion to Dismiss this Count and no answer is required.

66.     Defendant Officer Malouf has filed a Motion to Dismiss this Count and no answer is required.

67.     Defendant Officer Malouf has filed a Motion to Dismiss this Count and no answer is required.

68.     Defendant Officer Malouf has filed a Motion to Dismiss this Count and no answer is required.

69.     Defendant Officer Malouf has filed a Motion to Dismiss this Count and no answer is required.

70.     Defendant Officer Malouf has filed a Motion to Dismiss this Count and no answer is required.

71.     Defendant Officer Malouf has filed a Motion to Dismiss this Count and no answer is required.

72.     No response required.

73.     This allegation requires a legal interpretation and conclusion and no response is required.

74.     All allegations in this paragraph are denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Defendant lacks sufficient information to admit or deny this request and therefore denies it.

79.     Defendant lacks sufficient information to admit or deny this request and therefore denies it.

80.     Count IV is a Monell claim directed against Montgomery County and no response is required on behalf of Defendant Malouf.

81.     Count IV is a Monell claim directed against Montgomery County and no response is required on behalf of Defendant Malouf.  Denied.

82.     Count IV is a Monell claim directed against Montgomery County and no response is required on behalf of Defendant Malouf.

83.     Count IV is a Monell claim directed against Montgomery County and no response is required on behalf of Defendant Malouf.

84.     Count IV is a Monell claim directed against Montgomery County and no response is required on behalf of Defendant Malouf.

85.     Count IV is a Monell claim directed against Montgomery County and no response is required on behalf of Defendant Malouf.

86.     Count IV is a Monell claim directed against Montgomery County and no response is required on behalf of Defendant Malouf.

87.     Count IV is a Monell claim directed against Montgomery County and no response is required on behalf of Defendant Malouf.

88.     Count IV is a Monell claim directed against Montgomery County and no response is required on behalf of Defendant Malouf.

89.     Count IV is a Monell claim directed against Montgomery County and no response is required on behalf of Defendant Malouf.

90.     Count IV is a Monell claim directed against Montgomery County and no response is required on behalf of Defendant Malouf.  Defendant lacks sufficient information to admit or deny this request and therefore denies it.

91.     Defendant Officer Malouf has filed a Motion to Dismiss Count V and no response is required to this paragraph.  Denied.

92.     Defendant Officer Malouf has filed a Motion to Dismiss Count V and no response is required to this paragraph.

93.     Defendant Officer Malouf has filed a Motion to Dismiss Count V and no response is required to this paragraph.

94.     Defendant Officer Malouf has filed a Motion to Dismiss Count V and no response is required to this paragraph.

95.     Defendant Officer Malouf has filed a Motion to Dismiss Count V and no response is required to this paragraph.

96.     No response required.

97.     Denied.  Defendant Officer Malouf lacks sufficient information to admit or deny what Officers Baxter and Graves observed, but Defendant Officer Malouf did not observe Mr. Garcia video recording Officer Baxter and Officer Graves effectuating an arrest.

98.     Denied.  Plaintiff was arrested and handcuffed because he was disorderly.

99.     Denied.  Defendant Officer Malouf had legal justification to arrest Plaintiff for disorderly conduct as the disorderly conduct was a misdemeanor which he observed.  As such, the offense occurred in his presence.  No warrant was required.

100.     Defendant Officer Malouf arrested Plaintiff for disorderly conduct, not "video recording police actions."  Because the disorderly conduct occurred in his presence, Defendant Officer Malouf did not require a warrant.

101.     Denied.  Defendant Officer Malouf had probable cause to arrest Plaintiff for disorderly conduct because he was disorderly.

102.     Denied.

103.     Defendant Officer Malouf admits that his conduct was performed within the scope of his employment for Montgomery County, Maryland.  Defendant Malouf lacks personal knowledge to admit or deny whether his conduct was "ratified by superior officers of the MCPD acting within the scope of their employment."

104.     Defendant Officer Malouf lacks sufficient information to admit or deny whether Plaintiff suffered any damages and therefore denies this paragraph.

105.     No response required.

106.    Denied.

107.    Denied. Defendant Officer Malouf admits that he swore out an application for Plaintiff's arrest for disorderly conduct on or about June 16, 2011.

108.    Defendant Officer Malouf admits that he swore out an application for Plaintiff's arrest for disorderly conduct on or about June 16, 2011 because Plaintiff was disorderly. Defendant Malouf denies the allegation that he filed the charges with malice and knowledge that they were false.

109.    Defendant Officer Malouf does not understand this allegation because it is vague and ambiguous and therefore denies it.

110.    Defendant Officer Malouf admits that he appeared in criminal court and testified. He denies that his testimony was false, malicious, and without probable cause.

111.    Denied.

112.    Defendant Officer Malouf admits that although Judge Simmons denied Plaintiff's Motion for Acquittal at the end of the State's case in the criminal prosecution, that Judge Simmons ultimately ruled that the State did not prove the charge beyond a reasonable doubt.

113.    Denied.

114.    Defendant Officer Malouf admits that his conduct was performed within the scope and course of his employment by Montgomery County.  He lacks sufficient information to admit or deny whether his conduct was approved, consented to or ratified by "superior officers of the MCPD."

115.    Defendant Officer Malouf lacks sufficient information to admit or deny Plaintiff's alleged damages and therefore denies them.

116.    No response required.

117.    Denied.

118.    Denied.

119.    Defendant Officer Malouf denies that Plaintiff identified himself as a member of the press, denies that Plaintiff had not spoken to the officers before being placed under arrest, and denies that Officer Malouf did not resist arrest.

120.    Denied.

121.    Denied.

122.    Defendant Officer Malouf admits that his conduct was performed within the scope and course of his employment for the Montgomery County Police Department.  Defendant Officer Malouf lacks sufficient information to admit or deny if his actions were "ratified by superior officers of the MCPD acting within the scope of his employment."

123.    Defendant Officer Malouf lacks sufficient information to admit or deny Plaintiff's alleged damages and therefore denies them.

124.    Denied.

Respectfully submitted,

MARC HANSEN
COUNTY ATTORNEY


_____/s/_____
Patricia P. Via, Chief
Division of Litigation – Self-Insurance
Bar No. 04829
(signed by Patricia Lisehora Kane with the permission of
Patricia P. Via)

_____/s/_____
Patricia Lisehora Kane
Associate County Attorney
Bar No. 13621

Attorneys for Defendants Montgomery
County, Maryland, Officer Chris Malouf,
Officer Kevin Baxter, Officer Michael
Graves, Lt. Mark Sheelor, and Chief
Thomas Manger
101 Monroe Street, Third Floor
Rockville, Maryland  20850
(240) 777-6700


## DEMAND FOR JURY TRIAL

Defendant Malouf hereby requests a trial by jury.


_____/s/_____
Patricia Lisehora Kane
Associate County Attorney


Filed:  February 8, 2013


PLK:pas:L13-00017
mtd
M:\Cycom\Wpdocs\D011\P018\00267134.DOC